```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
BARBARA DUKES, pro se,                            :
                                                  :
                    Plaintiff,                    :
                                                  :        SUMMARY ORDER
              -against-                           :        10-CV-655 (DLI)(LB)
                                                  :
UNITED STATES POSTAL SERVICE,                     :
                                                  :
                    Defendant.                    :
------------------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

On February 17, 2010, Plaintiff filed this action against Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671. Plaintiff is seeking to recover damages that resulted from a May 14, 2009 car accident, during which a United States Postal Service truck driver allegedly struck Plaintiff's car while the car was parked in a parking lot. Plaintiff seeks compensation for property damage and mental distress. Defendant has moved to dismiss Plaintiff's claim for mental distress and to strike Plaintiff's jury demand.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the court is mindful that, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). A plaintiff's obligation

to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). The court may only consider the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

## DISCUSSION

Defendant argues, as a threshold matter, that the United States Postal Service is not a proper defendant under the Federal Tort Claims Act, and requests that the United States of America be substituted as the proper party in this lawsuit. (Def. Mem. 1 n.1.) Under the Federal Tort Claims Act, any tort claim against the United States Postal Service, an agency of the federal government, can be maintained against only the United States. *See* 28 U.S.C. § 2679(a); *see also Toomer v. County of Nassau*, 2009 WL 1269946, at *10 n.12 (E.D.N.Y. May 5, 2009) ("Any tort claim against the USMS, an agency of the federal government, can only be maintained against the United States under the FTCA."). Accordingly, the request to substitute the United States as the defendant is granted. The caption shall be updated to reflect this substitution.

Defendant further argues that Plaintiff has failed to set forth an adequate basis for damages resulting from mental distress. The allegations in the complaint relate only to the

damages caused to Plaintiff's property and do not address any factual basis for emotional distress damages. Moreover, the complaint does not allege that Plaintiff was in the car at the time of the crash or that she suffered any bodily injuries as a result of the crash.

The only statement made in the complaint regarding mental distress is that she has been through a "year long ordeal" and that "[t]his claim was something that could have been and should have been settled much earlier." (Compl. 2.) However, a litigant may not claim emotional and financial distress as a result of a costly litigation. *See Munafo v. Metropolitan Transp. Authority*, 2003 WL 21799913, at *22 (E.D.N.Y. Jan. 22, 2003) ("[A] litigant who commences a protracted and expensive lawsuit . . . may not then claim as an element of damages that he suffered emotional and financial anxiety because the lawsuit cost too much."); *Knussman v. Maryland*, 272 F.3d 625, 642 (4th Cir. 2001) ("Generally speaking, litigation-induced emotional distress is never a compensable element of damages.").

In response to the Defendant's motion, Plaintiff did not provide any further information regarding her allegations in support of damages for mental distress. She states only: "[I]f I am not entitled according to law to be awarded mental distress or mental anguish damages, then dismiss." (Pl. Opp. at 1.) Therefore, the mental distress claim must be dismissed.

Defendant also argues that Plaintiff's demand for a jury trial should be stricken from the complaint. The Federal Tort Claims Act limits tort actions against the United States government in federal court to nonjury trials. *See* 28 U.S.C. § 2402 ("[A]ny action against the United States under section 1346 shall be tried by the court without a jury."); *Carlson v. Green*, 446 U.S. 14, 22 (1980) ("[A] plaintiff cannot opt for a jury in an FTCA action.") (citing 28 U.S.C. § 2402). Accordingly, the jury demand is stricken from the complaint.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's claim for mental distress is granted. Moreover, Plaintiff's jury demand is stricken from the complaint. Furthermore, the request to substitute the United States as the defendant is granted. The Clerk of the Court is directed to update the caption to reflect this substitution.

SO ORDERED.

Dated: Brooklyn, New York
       March 2, 2011

                                              /s/
                                    DORA L. IRIZARRY
                                United States District Judge